UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JARED STEPHENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY MCGAHA, ) <br> RICHARD DACUS, ) <br> LIEUTENANT MILLER, ) <br> KNOX COUNTY, ) <br> JANE DOE #1, and ) <br> JANE DOE #2, ) <br> ) <br> Defendants. ) | No.: 3:18-CV-157-TAV-HBG |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendants McGaha, Miller, Dacus, and Knox County's motions to dismiss [Docs. 31, 32, 33]. Plaintiff did not respond to these motions, and his time for doing so has passed [Doc. 34]. Thus, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Plaintiff's claims against the Jane Doe Defendants will be **DISMISSED**, Defendants' motions to dismiss [Docs. 31, 32, 33] will be **GRANTED**, and this action will be **DISMISSED**.

I. **ALLEGATIONS**

On February 17, 2018, while escorting Plaintiff to a paddy wagon, Defendant McGaha accused Plaintiff of trying "to jerk away" [Doc. 2 p. 4]. In response, defendant

McGaha twisted Plaintiff's arm, hurting Plaintiff's shoulder, elbow, and wrist [*Id.*]. Defendant McGaha then "ran with" Plaintiff to the bottom platform, slammed Plaintiff's face into the ground, and applied pressure to Plaintiff's face [*Id.*]. Defendant McGaha continued to use excessive force while taking Plaintiff to the paddy wagon [*Id.*].

When Plaintiff arrived at the Knox County Detention Facility, he asked one of the Jane Doe Defendants if he could be seen by the medical staff and showed her the inside of his mouth [*Id.* at 4–5]. She stated that he would be taken to be processed and evaluated right after that, but he was not [*Id.*].

Subsequently, at some point between February 20 and February 25, 2018, Plaintiff spoke with Defendant Miller[1] about seeing a nurse for his facial injury and told him about the incident that caused it [*Id.* at 5]. Defendant Miller told Plaintiff that he would make sure Plaintiff saw medical staff without a copay as the injury occurred while Plaintiff was detained, but Plaintiff was not seen by medical staff until sometime between March 1 and March 5, and that was for his intake physical [*Id.*]. When Plaintiff received his intake physical, he told one of the Jane Doe Defendants about his facial injuries, but she only put in his file that he complained about his face and did not examine his face or put anything in his file about bruising or swelling [*Id.*].

On March 21, 2018, while in the Knox County Jail, Plaintiff told Defendant Dacus that his face might be fractured and that it had bothered him for a month [*Id.* at 4]. But Defendant Dacus would not send him for an x-ray [*Id.*].

---

[1] After Plaintiff's complaint was filed, defendant Miller was identified as the individual referred to as "Defendant John Doe" in the complaint [Doc. 9 p. 7].

## II.     DOE DEFENDANTS

First, Plaintiff seeks to hold the Jane Doe Defendants liable for the incidents in his complaint that occurred February and March 2018.  However, the claims against the Doe Defendants arising out of these incidents are barred by the applicable one-year statute of limitations.[2]  While Rule 15(c) of the Federal Rules of Civil Procedure provides that under certain circumstances a plaintiff may change the name of a defendant in a manner that relates the amendment back to the date of the plaintiff's original pleading, well-established Sixth Circuit case law provides that this Rule does not apply to the addition of new, previously unknown Defendants in the place of Doe defendants. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (characterizing such an amendment as "a change in parties, not a mere substitution of parties," and concluding that Rule 15(c) offers no remedy to a plaintiff seeking to add parties after the statute of limitations has passed (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))).  Here, although Plaintiff filed his complaint in April 2018, he did not amend his complaint to name the Jane Doe Defendants prior to the expiration of the statute of limitations for his claims against them.  For this reason, the claims are time barred.  Accordingly, Plaintiff's claims against the Jane Doe Defendants will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

---

[2] District courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005).  Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

3

## III. MOTIONS TO DISMISS

### A. Standard of Review

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is implausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (citations omitted).

### B. Qualified Immunity

All remaining individual Defendants seek to dismiss Plaintiff's claims against them based on the doctrine of qualified immunity [Docs. 31, 32]. Qualified immunity protects governmental employees from individual, civil liability where their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An evaluation of qualified immunity requires the Court to conduct a three-pronged inquiry: (1) whether there was a constitutional violation; (2) whether the violated right was "clearly-established;" and

4

(3) whether the official's actions were objectively unreasonable. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

Once qualified immunity has been pled by a defendant, the plaintiff bears the burden of rebutting the defense by showing "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft*, 563 U.S. at 741). In short, this defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

**C. Analysis**

**1. Defendant McGaha[3]**

As set forth above, Plaintiff alleges that while escorting Plaintiff to a paddy wagon, Defendant McGaha accused Plaintiff of trying "to jerk away" and then twisted Plaintiff's arm, hurting Plaintiff's shoulder, elbow, and wrist [Doc. 2 p. 4]. Plaintiff alleges Defendant McGaha then "ran with" Plaintiff to the bottom platform, slammed Plaintiff's face into the ground, and applied pressure to Plaintiff's face [*Id.*], and that Defendant McGaha continued to use excessive force while taking Plaintiff to the paddy wagon [*Id.*].

---

[3] Defendant McGaha seeks dismissal of Plaintiff's claims against him by asserting that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and based on the doctrine of qualified immunity [Doc. 31]. Because the Court finds that Defendant McGaha has established that he is shielded by qualified immunity, it will decline to address his argument that *Heck* bars Plaintiff's claims against him.

5

The Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (citing *Terry v. Ohio,* 392 U.S. 1, 22–27 (1968)). But any such use of force must be reasonable and must not be excessive. *See Malory v. Whiting*, 489 F. App'x 78, 85 (6th Cir. 2012); *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006). Specifically, to be constitutional, an officer's use of force during an arrest must be "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397.

Thus, in evaluating an officer's use of force during an arrest, a court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (*quoting Graham*, 490 U.S. at 396). It must consider the relevant facts and circumstances of the specific case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

First, Plaintiff's allegation that Defendant McGaha continued to use excessive force while taking Plaintiff to the paddy wagon after Plaintiff got up off the ground is conclusory and does not support a plausible inference that Defendant McGaha violated Plaintiff's constitutional rights during this time. *Iqbal*, 556 U.S. at 681 (holding that "unadorned,

6

the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief).

Next, as Defendant McGaha correctly points out in his motion, Plaintiff does not contend that he did not jerk away from Defendant McGaha before the initial "twisting" of Plaintiff's arm despite acknowledging that Defendant McGaha first stated that Plaintiff had jerked away. Nor does Plaintiff explain his allegation that Defendant McGaha "ran with" him to the bottom platform, despite these allegations suggesting that Plaintiff was resisting or attempting to flee right before Defendant McGaha slammed him to the ground. Also, Plaintiff does not set forth any facts from which the Court can plausibly infer that he was not resisting while Defendant McGaha applied pressure to Plaintiff's face after Plaintiff was on the ground. Most notably, Plaintiff has failed to come forward with any facts to support a finding that he was not resisting and/or attempting to flee during this incident in response to Defendant McGaha's motion to dismiss. *See Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (holding that once qualified immunity has been invoked, the plaintiff bears the burden of showing it is inappropriate).

Taking together Plaintiff's failure to assert that he was not resisting and/or attempting to flee during his arrest and the violent nature of many of the crimes for which Defendant McGaha was arresting Plaintiff, including attempted aggravated arson, aggravated assault with a deadly weapon, and domestic violence [Doc. 30-1], the Court cannot find that Defendant McGaha's acts as alleged in the complaint were objectively unreasonable such that every reasonable officer would have understood that those acts

7

violated Plaintiff's constitutional rights. *Twombly*, 550 U.S. at 555 (providing that a complaint must contain more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action to state a claim for relief).

Accordingly, Defendant McGaha's motion to dismiss [Doc. 31] will be **GRANTED**.

### 2. Defendants Dacus and Miller

Defendants Dacus and Miller also seek to dismiss Plaintiff's claims against them by asserting that they are entitled to qualified immunity [Doc. 32]. As set forth above, Plaintiff states that he spoke with Defendant Miller about seeing a nurse for his facial injury and about the incident that caused it, and Defendant Miller told Plaintiff that he would make sure that Plaintiff saw medical staff without a copay as the injury occurred while Plaintiff was detained, but Plaintiff was not seen by medical until up to fifteen (15) days later, and that was for his intake physical [Doc. 2 p. 5]. Regarding Defendant Dacus, Plaintiff alleges that he told Defendant Dacus that his face might be fractured and that it had bothered him for a month but that Defendant Dacus would not send Plaintiff to get an x-ray [*Id.*].

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that that acts or omissions of an

8

individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Thus, "[a] constitutional claim for denial of medical care has [both] objective and subjective components." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires proof that the inmate is suffering from a sufficiently serious medical need, such that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) a condition diagnosed by a physician. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991).

The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference is more than mere negligence and requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, the defendant must have: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "draw[n] the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Also, "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107). Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition" is insufficient to support claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment, as "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 107.

Even if the Court assumes that Plaintiff has sufficiently alleged that he had a serious medical need, Plaintiff has not set forth facts from which the Court can plausibly infer that Defendants Dacus or Miller were deliberately indifferent to that need. Specifically, Plaintiff's allegation that Defendant Dacus did not send him for an x-ray even though his face had bothered him for a month does not assert a constitutional violation, as it demonstrates only that Plaintiff disagrees with how Defendant Dacus decided to treat him. *Darrah*, 865 F.3d at 372. Further, Plaintiff does not state what he told Defendant Miller about his face injury or set forth any facts from which the Court can plausibly infer that Defendant Miller perceived any substantial risk of serious harm to Plaintiff based on this injury. Rather, Plaintiff states only that Defendant Miller stated that he would make sure Plaintiff was seen without a copay due to the way in which Plaintiff sustained his injuries. This statement does not suggest that Defendant Miller perceived any substantial risk to Plaintiff or believed that Plaintiff had any urgent need for medical care. Moreover, Plaintiff

10

again has not opposed Defendants Miller and Dacus's assertion that they are entitled to qualified immunity for these acts. *See Quigley*, 707 F.3d at 681 (holding that once qualified immunity has been invoked, plaintiff bears the burden of showing it is inappropriate).

Thus, Defendants Dacus and Miller have established that they are entitled to qualified immunity for Plaintiff's claims against them and their motion to dismiss [Doc. 32] will be **GRANTED**.

### 3. Defendant Knox County

As Defendant Knox County correctly points out in its motion to dismiss, it cannot be liable for Plaintiff's claims for violation of § 1983 unless its custom or policy was a moving force behind the alleged violations of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation). Moreover, "there can be no *Monell* liability under § 1983 unless there is an underlying unconstitutional act." *Thurmond v. Cty. of Wayne*, 447 F. App'x 643, 651 (6th Cir. 2011) (*quoting Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007)).

Thus, as the Court is dismissing the Jane Doe Defendants and granting Defendants McGaha, Miller, and Dacus's motions to dismiss, no claim will remain for which Defendant Knox County may be liable, and its motion to dismiss [Doc. 33] will be **GRANTED**.

11

## IV.  CONCLUSION

For the reasons set forth above:

1. The Jane Doe Defendants will be **DISMISSED**;

2. Defendants McGaha, Dacus, Miller, and Knox County's motions to dismiss [Docs. 31, 32, 33] will be **GRANTED;**

3. This action will be **DISMISSED**; and

4. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE